IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CONOTECH, LLC, a Nevada limited liability corporation, | ) ) ) | JUDGE KATHLEEN CARDONE |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| ACCURATE MACHINERY SALES, INC., a Florida corporation, | ) ) ) ) | EP06CA0169 |
| Defendant. | ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Conotech, LLC ("Conotech"), by and through its undersigned counsel, files its Original Complaint against Accurate Machinery Sales, Inc. ("AMS"), and for cause of action states:

### A. THE PARTIES

1. Conotech is a Nevada limited liability corporation with its principal place of business at Calle Chimeneas 4499, Parque Industrial Juarez, Ciudad Juarez, Chihuahua, Mexico 32630.

2. AMS is a Florida corporation with its principal place of business at 215 S.W. 21st Terrace, Fort Lauderdale, Florida 33312. AMS may be served by service upon its registered agent, John M. Ruppert, 215 S.W. 21st Terrace, Fort Lauderdale, Florida 33312.

### B. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.  Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### C. FACTS

5.  In September, 2005, Conotech contacted AMS to discuss the possibility of purchasing a Trumpf dual pallet flying optic laser center (the "laser"). On September 12, 2005, Conotech co-owner Henry Coletti ("Coletti"), on behalf of Conotech, signed a sales contract (the "contract") to purchase the laser for $235,000.00. A true and correct copy of the contract is attached hereto as "Exhibit A" and incorporated herein as if fully set forth verbatim.

6.  Per the contract, on September 23, 2005, Conotech made a $35,000.00 deposit toward the purchase price of the laser, and paid another $216,200.00 to AMS on November 2, 2005, prior to delivery of the laser.

7.  AMS subsequently shipped the laser to El Paso, Texas ("El Paso"), where it arrived on November 18, 2005. Conotech transported the laser to Ciudad Juarez, Chihuahua, Mexico ("Juarez") the following week.

8.  On or about November 25, 2005, Conotech contacted AMS to arrange for installation of the laser and emphasized to AMS that Conotech's production plant could only open once the laser was installed. AMS scheduled the installation to begin on or about December 26, 2005. On December 14, 2005, AMS notified Conotech that the installer would not be available until January 16, 2006. Conotech advised AMS that the January 16, 2006 date was unacceptable because the delay would hold up production at a substantial cost to Conotech. Between January 9, 2006 and January 13, 2006, Conotech made numerous telephone calls to AMS to verify the installation date of January 16, 2006. On January 13, 2006, AMS notified

Conotech that the installer may be delayed. The installer did not arrive on the scheduled date of the installation, January 16, 2006. On January 17, 2006, Conotech's attorney sent a letter to AMS demanding installation of the laser. AMS contacted Conotech on January 18, 2006 and promised the installer would arrive in El Paso on February 6, 2006.

9. The installer, George Devlin ("Devlin") and his assistant arrived in El Paso, and Conotech drove them to its plant in Juarez on February 6, 2006. Devlin inspected the laser and gave Conotech a checklist of items that needed to be completed before the laser could be installed. He then went back to El Paso. Conotech completed the checklist by 1:00 p.m. on February 7, 2006. On February 7, 2006, Devlin refused to return to Juarez to complete the installation. Conotech informed AMS that Devlin refused to complete the installation. On February 14, 2006, Conotech found another installer, Kevin Crane ("Crane") with Electro-Optic Services, LLC who agreed to install the laser. Crane arrived in Juarez on February 23, 2006 to install the laser. On February 24, 2006, Crane notified Conotech that the resonator in the laser was inoperable and would have to be replaced. Conotech immediately ordered a new resonator at a cost of $49,468.13. Upon further inspection, Crane discovered other serious defects in the laser, including dangerous wiring that could have caused serious harm or death if someone had attempted to operate the laser. On March 1, 2006, Conotech received the new resonator, and Crane began installing the laser. Despite working on installation since March 1, 2006, the numerous defects in the laser have prevented a complete installation of the laser to date. Additionally, Conotech has incurred costs of $49,468.13 for the replacement resonator, $15,661.55 for other replacement parts, and $47,332.08 for installation.

### D. COUNT 1 – BREACH OF CONTRACT

10. On September 12, 2005, Conotech and AMS entered into a written sales contract. *See* Exhibit A. The contract provided that Conotech would provide $35,000 as a deposit upon signed acceptance of the contract, and the remaining $200,000 of the purchase price prior to shipment of the laser. The contract further provided that AMS would deliver the laser to Juarez complete with all parts necessary to make the laser operational and provide a technician to start the laser, run test parts to ensure the laser was working properly, and provide three days of training on the laser. Upon delivery of the laser to Juarez, the contract provided that Conotech would unload and place the laser, supply electrical, air and gases, and provide employees to help with all the non-technical aspects of the installation of the laser. Conotech has performed its obligations under the contract. AMS, however, has not performed any of its contractual obligations. AMS's nonperformance constitutes a breach of the parties' agreement.

11. As a direct and proximate result of AMS's breach, Conotech has suffered the following damages:

    a. Reasonable expenses in reliance on AMS's performance of the contract.

    b. Replacement cost of technician to properly install the laser.

    c. Replacement cost of equipment critical to making the laser operational.

    d. Lost profits of approximately $5,285.00 each day installation of the laser has been and continues to be delayed.

12. As a result of AMS's breach, Conotech has retained counsel and seeks reimbursement for its reasonable attorney fees.

### E. COUNT 2 – BREACH OF WARRANTY

13. The contract contained an express warranty that AMS would supply all parts necessary to make the laser operational. AMS failed to supply the necessary parts and, therefore, breached this express warranty. In addition, AMS breached the implied warranty of merchantability of the laser because the laser was not operational when received from AMS and was, therefore, not fit for the ordinary purposes for which such lasers are used.

14. As a direct and proximate result of AMS's breach, Conotech has suffered the following damages:

    a.    Reasonable expenses in reliance on AMS's performance of the contract.

    b.    Replacement cost of technician to properly install the laser.

    c.    Replacement cost of equipment critical to making the laser operational.

    d.    Lost profits of approximately $5,285.00 each day installation of the laser has been and continues to be delayed.

15. As a result of AMS's breach, Conotech has retained counsel and seeks reimbursement for its reasonable attorney fees.

### F. COUNT 3 - FRAUD

16. In their September, 2005 telephone conversations, John Ruppert, AMS's president, specifically stated to Coletti that AMS would supply to Conotech a fully operational laser and the technical support required for installation. Coletti attempted to purchase a Bystronic laser from AMS, but was told that unit was sold. Ruppert stated that the Trumpf laser was as good as the Bystronic unit and that Conotech would be extremely happy with it. Ruppert also stated that the resonator had been totally rebuilt, and AMS had it operational. These statements were false and misleading because the laser contained numerous defective parts,

including the resonator, and was not operational. The statements were made with the intention to induce Conotech to enter into the contract for purchase of the laser. As a direct and proximate result of these misrepresentations, Conotech entered into the agreement and suffered the following damages:

    a.    Reasonable expenses in reliance on AMS's performance of the contract.

    b.    Replacement cost of technician to properly install the laser.

    c.    Replacement cost of equipment critical to making the laser operational.

    d.    Lost profits of approximately $5,285.00 each day installation of the laser has been and continues to be delayed.

17.    As a result of AMS's fraudulent misrepresentations, Conotech has retained counsel and seeks reimbursement for its reasonable attorney fees.

### G. REQUEST FOR RELIEF

For these reasons, Conotech asks for judgment against AMS for the following:

    a.    Damages of approximately $985,000.00 resulting from Defendant's breach.

    b.    Reasonable attorney fees.

    c.    Prejudgment and postjudgment interest.

    d.    Costs of suit.

    e.    All further relief the Court deems appropriate.

This 8th day of May, 2006.

                    Respectfully submitted,

**SCOTT, HULSE, MARSHALL, FEUILLE, FINGER & THURMOND, P.C.**

<u>mailing address</u>:
P.O. Box 99123
El Paso, Texas 79999-9123

<u>street address</u>:
1100 Chase Tower
201 East Main Drive
El Paso, Texas 79901

(915) 533-2493 telephone
(915) 546-8333 telecopier

By: _____
    **J. L. JAY**
    State Bar No. 10595320
    **KATARI D. BUCK**
    State Bar No. 24040598
    Attorneys for Conotech, LLC

792353 v1

**Richard De Santos**

**From:** John Ruppert [jruppert@accuratemachinerysales.com]
**Sent:** Monday, September 12, 2005 3:07 PM
**To:** richardd@nrsupply.com
**Subject:** Trumph Laser

John Ruppert
Accurate Machinery Sales, Inc.
215 SW 21st Terrace
Fort Lauderdale, FL. 33312
www.accuratemachinerysales.com
Ph.   954-587-0362
Fax  954-587-6211
jruppert@accuratemachinerysales.com

*[handwritten:]*
Laser      235,000.00
Lift        12,000.00
Add'l equip  4,200.00
           _____
           251,200.00
Deposit    (35,000.00)
           _____
           216,200.00

Henry has signed and accepted this and says the deposit should come from you.

Our bank info is:

PLEASE WIRE TRANSFER ANY DEPOSITS OR FINAL PAYMENTS TO;

**COLONIAL BANK NA**

1451 NW 62ND STREET, SUITE 212

FT. LAUDERDALE, FL. 33309

ABA # 0620-0131-9


FOR CREDIT TO THE ACCOUNT OF;

ACCURATE MACHINERY SALES INC,

215 SW 21ST TERRACE

FORT LAUDERDALE, FLORIDA 33312

ACCOUNT # 0110882401


# ACCURATE MACHINERY SALES INC.
215 SW 21ST TERRACE,  FORT LAUDERDALE, FL. 33312
800-281-7518, 954-587-0362, FAX 954-587-6211
www.accuratemachinerysales.com
email:  ams@accuratemachinerysales.com

**EXHIBIT A**

PROFORMA 91605-01

9/12/2005

Conotech
7125 Industrial
El Paso, TX. 79915

## DESCRIPTION

One    Trumpf System model L2503EII serial number  902894 complete with 2600 watt resonator, CNC control, chiller, shuttle table,  manuals and all other parts necessary to make the machine operational..

PRICE---------------------------------------------------$235,000.00

**Trumpf liftmaster semi automatic loading arm (OPTIONAL)** $ 12,000.00

### TERMS

(A) $35,000.00 deposit upon signed acceptance.
(B) $200,000.00 prior to shipping.
(C) AMS INC. will deliver the machine to Juarez, MX., the buyer will unload, place the machine, supply electrical/air, gases (vaporizer if necessary) and provide employees to help with all the non technical aspects of the installation.
(D) AMS, Inc. will provide a technician to start up the machine, and run test parts to insure the machine is running Properly and 3 days of training.
(E) This machine is sold free and clear of all liens and encumbrances and title will pass to the buyer upon payment in full.
(F) This offer is subject to prior sale.


Accepted:


_____(LS)    Date:_____



**TERMS:** Cash or Cashiers Check with order and all equipment is FOB on floor from sold location unless otherwise stated.  All equipment subject to prior sales and is exclusive of any government tax.  Seller is not responsible for any shipping or parts delays beyond our control.  Equipment descriptions are intended only as a guide and their accuracy is not guaranteed. - **CONDITIONS:** The equipment is sold "AS IS WHERE IS", there are no EXPRESS OR IMPLIED warranties which extend beyond the description on the face hereof.  Quotation subject to change without notice.  All agreements and/or contracts made by sales person are subject to approval.- **EQUIPMENT SAFETY:** It is the buyer's/user's responsibility to provide proper safety devices and equipment to safeguard persons from harm resulting from any particular use, operation or set-up, and to adequately safeguard equipment to conform to all Federal, State, Local Government Safety Standards and all Industrial Standards. - **INDEMNIFICATION:** Buyer/User agrees to indemnify and hold harmless Seller and Salespersons from any and all claims or liabilities caused by or arising from the equipment on the face hereof.  **ATTORNEY'S FEES:** Buyer agrees to pay all cost of collection including attorney's, trial and appellate fees in the event of any litigation which arises from this agreement.  **APPLICABLE LAW:** This agreement shall be a Florida contract and shall be interpreted and administered for all purposes under the laws of Florida. **ENTIRE AGREEMENT:** This document represents the entire agreement between seller and buyer unless otherwise stated on the face hereof.

## TRUMPF DUAL PALLET FLYING OPTIC LASER CENTER

MODEL NUMBER            L2503E-II
YEAR OF MFG.            1995 (New resonator in 2001)
SERIAL NUMBER           902894
CONTROL                 BOSCH TRUMAGRAPH CC 220
SHEET CAPACITY          60" X 120"
Z AXIS TRAVEL           3.9" NON CONTACT
TABLE SPEED RAPID       2362 IPM, 3300 SIMULTANIOUS

EQUIPPED WITH: AUTOMATIC SHUTTLE PALLETS, FLYING OPTICS, 32 BIT CONTROL, AC SERVO DRIVE SYSTEM, NON CONTACT CUTTING HEAD, PROGRAMMABLE HIGH PRESSURE ASSIST GAS (7-350 PSI), CHILLER.

## LASER SPECIFICATIONS

| | |
|---|---|
| LASER RESONATOR MFG. | TRUMPF TLF 2600, (New 2001) |
| HOURS | 9600 |
| POWER CAPACITY | 2600 WATT CW, |
| GATING FREQUENCY | 100HZ - 10KHZ |

**PRICE**         $235,000.00

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Conotech, LLC, a Nevada limited liability corporation

### DEFENDANTS
Accurate Machinery Sales, Inc., a Florida corporation

(b) County of Residence of First Listed Plaintiff  **Carson City, Nevada**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See attached.

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(a)(1)
Brief description of cause:
breach of sales contract, breach of warranty, fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $985,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  05/09/06
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 391934   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CIVIL COVER SHEET ATTACHMENT

I(c).   **Attorneys (Firm Name, Address, and Telephone Number)**

J.L. Jay
Katari D. Buck

**Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C.**

<u>mailing address</u>:
P.O. Box 99123
El Paso, Texas 79999-9123

<u>street address</u>:
1100 Chase Tower
201 East Main Drive
El Paso, Texas 79901

(915) 533-2493 telephone
(915) 546-8333 telecopier